## THE PATRIA.

(District Court, E. D. New York.   January 6, 1905.)

SHIPPING—LIABILITY OF VESSEL—INJURY TO CONTRACTOR'S EMPLOYÉ.

Where a workman employed by a contractor to do work on a steamship while she lay at a wharf undertook to climb from the wharf to the deck by means of a ladder which had been temporarily in use and had not been removed, after he was told to use the gangway, and when, by reason of the rising tide, the ladder had been lifted from the dock, and hung by a small cord to the rail, his injury by the falling of the ladder was due solely to his own negligence, and not to any fault or negligence on the part of the ship.

In Admiralty.   Suit for personal injury.

Towns & McCrossin, for libelant.

Butler, Notman, Joline & Mynderse and A. G. Thacher, for claimant.

THOMAS, District Judge.   The Patria came into port, and, for the purpose of furnishing access to her deck, a ladder was put over her side, one end of which rested upon the dock, while the other end rested against the railing, to which it was tied by a small cord to prevent lateral motion.   The libelant was a machinist employed by a person engaged to make repairs on the vessel.   In the morning he went aboard by means of this ladder, but by the noon hour a regular gangway had been put out from the same side of the steamer, a short distance away.   The uncontradicted evidence is that, when the libelant was about to leave the steamer for dinner, he was told by the mate not to use the smaller ladder; that there was a better ladder aft.   However, he did use it.   Upon returning from dinner the libelant found that the tide had risen, so that the lower end of the ladder had been lifted from the dock, and the ladder itself had fallen and lay against the side of the ship, but was still supported at its upper end by the cord.   Notwithstanding this known condition, and the difficulty of even putting the toe of his foot upon the round, on account of the close proximity of the ladder to the side of the ship, the libelant did step on the ladder, whereupon it necessarily fell, and he received the injuries on account of which the action was brought.   It was perfectly apparent to the libelant that the ladder was not in a position to be used.   He knew that it had no sufficient support.   He knew that a roomy gangway was near at hand.

It is considered that the claimant was in no way negligent, and that the libelant did not employ even ordinary prudence.   The libel is dismissed.